## GEO. M. MURRELL, EX'R OF DUGAN, *v.* S. M. WING, ETC.

**Wills—Probate of Will—Jurisdiction.**

Where a testator at the time of his death resided in D. county, the W. county court had no jurisdiction to admit his will to probate, nor to induct his executor into office.

**Executors and Administrators—Power to Act.**

An executor has no power to act until he is qualified as such by taking an oath and giving bond in the court in which the will or a copy thereof is admitted to record.

**Wills—Admissibility in Evidence.**

Section 519 Civ. Code, providing that "no will shall be received in evidence until it has been allowed and admitted to record in a county court, and its probate before such court shall be conclusive until the same is superseded, reversed or annulled," applies to wills admitted to record by a county court within the meaning of subsec. 1 of such section.

**Wills—Admissibility in Evidence—Presumption.**

It was not intended by § 519, subsec. 3, Civ. Code, relating to receiving of wills into evidence, to declare that the jurisdiction of a court of limited powers should be conclusively presumed as against persons not before it at the time it acted in a matter by which their rights are sought to be affected.

**Executors and Administrators—Collection of Debts Owing Decedent.**

　　Debtors of a deceased have the right to demand that the person seeking to coerce payment of the debts shall show that he is legally entitled to collect them, and he can not be deprived of such right by the unauthorized action of the county court having no jurisdiction of the matter.

**Wills—Probate—Jurisdiction of County Court.**

　　County courts have no general jurisdiction in the probate of wills and the appointment and qualification of personal representatives, their power in this regard being purely local.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 21, 1873.

Opinion by Judge Lindsay:

The court is of opinion that the demurrer to appellee's answer was properly overruled.

Appellant, by *"standing by his demurrer,"* must be held to have admitted the truth of the statements set out in said answer, and that admission authorized the circuit court to dismiss his petition.

As the testator, Dugan, resided in Daviess County at the time of his death, the Warren County Court had no jurisdiction to admit his will to probate nor to induct his executor into office.

Sec. 519 of the Civil Code of Practice provides that "Wills *shall* be proved before, and admitted to record by, the county court of *the county of the testator's residence,"* if he had a known place of residence, etc.

The demurrer admits that the testator, Dugan, had a known place of residence, which was in Daviess County, and that the will under and by virtue of which appellant claims the right to act was admitted to record by the county court of Warren County. The facts thus admitted show conclusively that the Warren County Court had no jurisdiction to admit the will to record, nor to qualify appellant as the executor thereof.

It is insisted that this question can not be raised collaterally. Before the adoption of the Revised Statutes and the Codes of Practice, parties defending actions instituted by persons claiming to act as personal representatives were always allowed to question the jurisdiction of the county court, by which they were appointed, and thus to show that these appointments were, as matter of law, void. An executor has no power to act until he qualifies as such by taking an

GEO. M. MURRELL, EX'R OF DUGAN v. S. M. WING      669

oath and giving a bond, in the court in which the will by which he is nominated or an authenticated copy thereof is admitted to record. Sec. 1, Article 1, Chapter 37, Revised Statutes.

To clothe the person nominated with exceptional power, he must be qualified by the court in which the will has been *legally* admitted to record. The right to inquire into the jurisdiction of the county court acting in the matters of the probate of the will, and of the qualification of the executor, in actions instituted by the person claiming to be executor still exists, unless it is inhibited by the third subsection of Sec. 519 of the Civil Code, which is in these words:

"No will shall be received in evidence, until it has been allowed and admitted to record, *in a county court,* and its probate before such court *shall be conclusive until the same is superseded, reversed or annulled.*" We construe this provision to apply to wills admitted to record by "*a county court*" coming within the provision of Subsection 1, of the same section. Otherwise it will result that whilst in one portion of the section the county courts having the right to act are especially pointed out, in another and subsequent portion, it is provided that these directions may be utterly disregarded and still the action of the "*county court*" usurping jurisdiction in a proceeding which may be, and most frequently is, *ex parte* will be conclusive until superseded, reversed or annulled by an appeal.

We cannot suppose that the legislature intended by this subsection quoted to declare that the jurisdiction of a court of limited powers should be conclusively presumed against persons not before it at the time it acted in a matter by which their rights are sought to be affected, and yet this is the position assumed by the learned counsel representing the appellant. The case of *Hughey, etc., v. Sidwell's Heirs,* 18 B. Monroe 259, does not sustain him. In that case the will was admitted to probate by the county court having jurisdiction, and hence the question raised in this case was not considered.

For the same reason the case of *Stevenson v. Huddleson,* 13 B. Monroe 299, is not in point.

When the motion was made to revive this action the appellees had for the first time an opportunity to question the power of the Warren County Court to admit Dugan's will to probate. They had no right to go into said court and resist the probate nor to prosecute an appeal from its judgment, or order of probate. They have the right now to demand that the person seeking to coerce the payment

of a debt from them to the deceased shall show that he is legally entitled to collect it, and this right can not be taken from them by the unauthorized action of a county court having no jurisdiction to act at all.

By the statute the jurisdiction of county courts to probate wills and qualify or appoint personal representatives is purely local. They have no general jurisdiction of these subjects. That power to act in such cases is derived from the statute and it may be shown collaterally, that the power to act in a particular case did not exist, because the case was not within the delegation of authority to the county court that assumed to act.

The judgment of the circuit court is *affirmed*.

*G. W. Ray, for appellant.*

*W. T. Owen, for appellee.*